IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Sherrilynn Cook, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 1:23-cv-02774-JMC |
| Garrison Property and Casualty Insurance Company, | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

**<u>Memorandum Opinion and Order Regarding Defendant's Motions *In Limine*</u>**

After she was involved in a car accident with an uninsured motorist, Plaintiff filed this case against Defendant, her own automobile insurance company, claiming coverage for her personal injuries pursuant to her policy's Uninsured/Underinsured Motorist provisions.  (ECF No. 1).  While Defendant does not dispute the existence or extent of the coverage under the policy and its potential availability in this case, Defendant does challenge the nature and extent of the damages claimed by Plaintiff.  (ECF No. 38 at 2).

## I.   INTRODUCTION

By its Letter Order of October 29, 2025, the Court established March 13, 2026 as the deadline for filing any motions *in limine* by either party, with any oppositions due seven days thereafter.  (ECF No. 37).  Defendant filed two such motions on March 13: (1) a motion to preclude mention of the amount of coverage available under the policy and to reduce any damages award in excess of the policy limits; and (2) a motion to preclude use of so-called "Reptile Tactics" at trial.  (ECF Nos. 38 and 39, respectively).   Plaintiff did not file an opposition to either motion by the deadline.  Notwithstanding the lack of opposition, the Court

will address both motions on their merits.  As set forth more fully below, the Court will grant

Defendant's motion regarding the amount of available insurance coverage (and the post-trial

reduction of any verdict to that coverage limit as necessary).  The Court will conditionally grant

in part Defendant's motion regarding "Reptile Tactics" as trial.

II.    ANALYSIS

A.    **Established Maryland law supports precluding any mention of coverage limits as well as a post-trial reduction of any verdict in excess of those limits.**

In the seminal case of *Allstate Ins. Co. v. Miller*, 315 Md. 182, 191-92, 553 A.2d 1268,

1272-73 (1989), the Maryland Supreme Court (then the Maryland Court of Appeals) was

confronted with this exact issue.  In holding that where, as here, the amount of coverage is not in

controversy, that amount should not be disclosed to the jury.   In reaching that result, the Court

reasoned that the amount of coverage not only had no relevance to the jury's consideration of

damages, but would likely distort a jury verdict "to the disadvantage of either party depending on

the circumstances of the case.  *Id*. at 192, 553 A.2d at 1272; see also *Farley v. Allstate Ins. Co*.,

355 Md. 34, 45, 733 A.2d 1014, 1029 (1999) (reaffirming *Miller* as dispositive on this issue.

Similarly, *Miller* made clear that a verdict in excess of the policy limits should be

reduced to the policy limits where, as here, the case is "functionally presented" to the jury as a

tort case.  *Miller* at 193, 533 A.2d at 1273.

Thus, the Court grants ECF No. 38 in its entirety.

B.    **Regardless of their Moniker, Arguments at Odds with Maryland law and the Court's Anticipated Instructions are Improper**

Defendant seeks a pretrial ruling preventing any reliance by Plaintiff's counsel on so-

called "Reptile Tactics."   "The Reptile Theory attempts to persuade a jury to make findings in a

plaintiff's favor not based upon the facts of the case and applicable legal principles, but based

upon a desire to protect the jurors themselves and their communities."  (ECF No. 39 at 1); *see*

*Giant of Maryland LLC v. Webb*, 249 Md. App. 545, 555 n. 4, 246 A. 3d 664 (2021), aff'd. 477 Md. 121, 266 A. 3d 339 (2021) (Court describing the Reptile Theory but finding that defendant's failure to timely object waived the issue on appeal).   Defendant lists several jury arguments that this theory might encompass, including so-called "golden rule" arguments asking jurors essentially to place themselves in the shoes of the plaintiff,  "community safety arguments" that divert the jury from their primary task of compensating the named plaintiff, and "send a message" arguments that are at odds with the law regarding the compensatory nature of damages in a tort case and wrongfully suggest a punitive component.  (ECF No. 39 at 2-5).

The Court agrees that such arguments are at odds with Maryland tort law and the anticipated jury instructions in this case.  *See, e.g., Maryland Pattern Jury Instruction* 10:1 (Damages, Introductory Statement) and 10:2 (Compensatory Damages for Bodily Injury).  As such, counsel should avoid such arguments.  However, given that Plaintiff has filed no opposition, the Court cannot fashion a detailed order to anticipate all potential arguments of counsel and whether they are likewise impermissible.  Accordingly, the Court conditionally grants Defendant's motion as to the specific areas raised, but declines to enter an "omnibus" order as to all possible arguments that might come under the umbrella of "Reptile Tactics."  The Court will instead rely on Defendant to timely object to such arguments as Defendant believes are impermissible or inconsistent with Maryland law.

### III.    CONCLUSION

Accordingly, the Court grants ECF No. 38 in full, and conditionally grants in part ECF No. 39 as described.

Date: March 26, 2026

J. Mark Coulson
United States Magistrate Judge